INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE
& AGRICULTURAL IMPLEMENT WORKERS OF AMERICA—UAW
v GOVERNOR

OPINION OF THE COURT

1. COURTS—SUPERINTENDING CONTROL—MOOT QUESTION—EMPLOY-
MENT SECURITY COMMISSION APPEAL BOARD.

Prayer for relief and motion for superintending control to the
Michigan Supreme Court should be denied as moot where
defendant's removal as a member of the Michigan Employment
Security Commission Appeal Board, or, in the alternative,
disqualification from future cases before that Board was sought
and he is no longer a member of that Board.

2. MANDAMUS—DAMAGES—EMPLOYMENT SECURITY COMMISSION AP-
PEAL BOARD—STATUTES.

The fact that defendant is no longer a member of the Michigan
Employment Security Commission Appeal Board does not ren-
der moot the requested relief in a mandamus action concerning
the refund of some portion of his salary to the administration
fund if plaintiffs can make a case for violation of a statute,
requiring that each member of the Board shall devote full time
to the functions of the Board during the hours generally
worked by other officers and employees of the executive depart-
ment of the state, and if a court determines that plaintiffs are
entitled to the damages under the law or facts (MCLA 421.35;
600.4431).

3. DISMISSAL AND NONSUIT—MANDAMUS—AFFIDAVITS—COURT OF AP-
PEALS—APPEAL AND ERROR.

Allegations in an amended original complaint for mandamus and

REFERENCES FOR POINTS IN HEADNOTES

[1] 43 Am Jur, Public Officers § 208 et seq.
[2] 43 Am Jur, Public Officers § 195.
[3, 5] 52 Am Jur 2d, Mandamus §§ 358, 490–494.
[4] 5 Am Jur 2d, Appeal and Error § 835.
[6] 40 Am Jur, Payment §§ 157–159.
[7] 43 Am Jur, Public Officers § 175.
[8] 43 Am Jur, Public Officers §§ 391–393.
[9] 43 Am Jur, Public Officers § 181 et seq.
2 Am Jur 2d, Administrative Law § 193.

affidavits filed in the Michigan Court of Appeals must be viewed in the light most favorable to plaintiffs for purposes of reviewing the propriety of the dismissal of that complaint by the Court of Appeals for "lack of merit in the grounds presented".

4. APPEAL AND ERROR.

Michigan Supreme Court will not render a decision based on speculation as to the grounds for a decision of the Michigan Court of Appeals.

5. MANDAMUS—DISMISSAL AND NONSUIT—COURT OF APPEALS—PLEADING—AMENDMENT OF PLEADINGS—STATUTES.

Michigan Court of Appeals must explain what construction of a statute precludes any relief, if plaintiffs would not be entitled to any form of relief under that statute regardless of the facts produced in support of the allegations in their original complaint in that Court for mandamus, as without such an explanation there is no adequate basis for judicial review of the dismissal of the complaint on the pleadings; if the complaint is defective under some procedural theory, then the action should not have been dismissed "for lack of merit" since plaintiffs, before dismissal, may amend their complaint to plead the case properly if possible (MCLA 421.35).

DISSENTING OPINION

T. E. BRENNAN, J.

6. PAYMENT—FRAUD—MISTAKE.

*Generally, a voluntary payment of any kind cannot be recovered by the payor in the absence of fraud, mistake, or similar grounds.*

7. OFFICERS—IMPEACHMENT—REMOVAL FROM OFFICE—CONSTITUTIONAL LAW.

*Judgment of conviction in the case of impeachment of a public officer may not extend further than removal from office (Const 1963, art 11, § 7).*

8. OFFICERS—SALARY—RETURN OF SALARY.

*Policy considerations against creating an action against a public officer obligating him to return part of his salary to the state upon complaint of a private citizen alleging failure to perform a duty of the office are that public officers will be required to spend substantial time, energy, and expense to defend against*

frivolous and politically motivated salary-refund cases; that no wage earner, nor person of ordinary means, would be able to risk acceptance of public office, since he or she would be unable to secure the repayment of compensation to the state; and that the courts would be enmeshed in political name-calling and obligated to hear "on the merits" every claim of malfeasance, nonfeasance, misfeasance, or just plain dissatisfaction with the efforts of public officers.

9. COURTS—MOOT QUESTION—EMPLOYMENT SECURITY COMMISSION APPEAL BOARD.

Action to oust defendant, who was a member of the Michigan Employment Security Commission Appeal Board, is moot where he no longer holds that office.

Appeal from order of Court of Appeals, Bronson, P. J., and Fitzgerald and McGregor, JJ., dismissing complaint and denying other motions. Submitted December 7, 1971. (No. 2 December Term 1971, Docket No. 53,217.) Decided November 29, 1972.

Original complaint in the Court of Appeals by International Union, United Automobile, Aerospace & Agricultural Implement Workers of America—UAW and others against the Governor and Peter E. O'Rourke, personally and in his capacity as Chairman of the Michigan Employment Security Appeal Board, for a writ of mandamus to compel removal of defendant O'Rourke from the Appeal Board, or in the alternative, disqualification from certain future cases, and damages. Complaint dismissed. Plaintiffs appeal. Michigan State AFL-CIO and others intervened as plaintiffs. Vacated and remanded to Court of Appeals.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Donald S. Young* and *Michael B. Staebler)* and *Stephen I. Schlossberg* and *Jordan Rossen,* for plaintiffs.

*Rothe, Marston, Mazey, Sachs, O'Connell, Nunn
& Freid,* for intervening plaintiffs.

*Ivan E. Barris,* for defendant O'Rourke.

*Amicus Curiae: Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Solomon Bienefeld,* Assistant Attorney General.

WILLIAMS, J. This case, Supreme Court No. 53,217, arises from an original complaint for mandamus and damages filed in the Court of Appeals. The complaint alleged the conflict of interests which was the subject matter of *In re Schlossberg v State Bar Grievance Board,* 388 Mich 389 (Docket No. 53,295 decided July 26, 1972), and in addition alleged a violation of § 35 of the Michigan Employment Security Act (MESA); MCLA 421.35; MSA 17.537, relating to devotion of "full time to the functions of the board."

This case was consolidated for argument with *In re Schlossberg v State Bar Grievance Board.* In *Schlossberg* we reversed the State Bar Grievance Board dismissal of a request for investigation and remanded for a hearing on the question of whether appellee was chargeable with a breach of professional standards of conduct in accordance with principles governing conflict of interest as stated in the opinion.[1]

This appeal questions the propriety of the dismissal by the Court of Appeals "for lack of merit in the grounds presented" of the complaint for mandamus and damages and the dismissal by the Court of Appeals for lack of jurisdiction of the motion for superintending control.

---

[1] Prayer (e), p 55 appellants' brief.

We shall deal first with the issues relating to the charge of conflict of interest.

We need not decide on appeal whether the Court of Appeals' dismissal of relief by mandamus for lack of jurisdiction was proper. Defendant and appellee is no longer a member of the MESC Appeal Board and so the relief requested concerning an order of removal, or, in the alternative, disqualification from future cases is moot. The prayer for relief and motion for superintending control[2] to this Court on these grounds are denied as moot.

Decision as to whether the Court of Appeals should have assumed jurisdiction to issue an order of superintending control requiring the MESC Appeal Board to notify all claimants adversely affected where an alleged disqualification of O'Rourke existed would be premature. First, such an order would presently be prejudicial to the investigation pending before the State Bar Grievance Board as the result of the *Schlossberg* case. Second, if the determination of the State Bar Grievance Board case does not result in such notification, then refusal of the MESC Appeal Board to respond to appropriate requests should precede any legal action for judicial relief.

In addition, we do not at this time determine whether the plaintiffs in the complaint before us have standing to request such action. Consequently the existing request for superintending control in this Court to require the MESC Appeal Board notification as aforementioned[3] is dismissed without prejudice, and the Court of Appeals decision hereon is vacated.

We come now to the question of the propriety of

[2] Prayers (a) and (b), p 54 appellants' brief.

[3] Prayer (c), p 54 appellants' brief.

the dismissal by the Court of Appeals "for lack of merit in the grounds presented" of an unanswered and undenied complaint for mandamus and damages.

We deal here with the claimed basis for the request for mandamus and damages that § 35 of the MESA creates a clear statutory duty ministerial in nature and that defendant O'Rourke, as a state officer, may be compelled by mandamus in the Court of Appeals to comply with the statute. The complaint is based upon the following portion of § 35 of the MESA; MCLA 421.35; MSA 17.537:

"Each member of the board *shall devote full time to the functions of the board.* Each member shall, *therefore, personally perform the duties of his office during the hours generally worked by other officers and employees of the executive department* of the state. * * * Such salaries and expenses shall be paid from the administration fund." (Emphasis added.)

In support of the complaint for mandamus on this issue the plaintiff alleged, *inter alia,* as follows:

"8. Defendant O'Rourke is also actively engaged in the private practice of law as a general partner in the law firm and Michigan Co-Partnership of Elsman, Young & O'Rourke.

"9. Defendant O'Rourke, as Appeal Board Chairman, *does not personally perform the duties of his office during the hours generally worked by other officers and employees of the executive department of* the State. More particularly, upon information and belief, said defendant has engaged and does engage in personal business, including the practice of law, at various times during week days between the hours of 9:00 a.m. through 5:00 p.m." (Emphasis added.)

"21.. Upon information and the belief, defendant Peter E. O'Rourke performs his duty on said Appeal Board during not more than sixty (60%) percent of the

hours generally worked by officers and employees of the executive department of the State."

The relief requested by plaintiffs respecting these alleged violations of statutory duties was the defendant O'Rourke be ordered to:

1) Cease engaging in private practice or other private business while a member of the Appeal Board;

2) Devote full time to the functions of the Appeal Board;

3) Personally perform the duties of the office during the hours generally worked by other officers and employees of the executive department of the State; and

4) Pursuant to § 4431 RJA; MCLA 600.4431; MSA 27A.4431 which provides that "[d]amages and costs may be awarded in an action for mandamus," the plaintiffs requested as damages, *inter alia,* that defendant O'Rourke return 40% of his salary to the Employment Security Administration fund from which it was paid. The interest of plaintiff U.A.W. in regard to this is that the U.A.W. is an "employer" and an "employing unit" within the meaning of § 13 of the MESA; MCLA 421.13; MSA 17.513 and contributes to the administration funds from which the salaries are paid.

To all of these allegations pleaded in the complaint, Defendant O'Rourke made no direct answer by responsive pleading as required by GCR 1963, 816.2(2)(b). .

The fact that defendant O'Rourke is no longer a member of the Michigan Employment Security Commission Appeal Board does not render moot the requested relief concerning the refund of some portion of his salary to the administration fund if plaintiffs can make a case for a violation of the

statute and if a court determines that plaintiffs are entitled to damages under the law or facts.

On September 1, 1970, the Court of Appeals dismissed the complaint for mandamus "for lack of merit" with no supporting reasons. Application for rehearing was denied by the Court of Appeals in an order of January 12, 1971, in which the Court said that mandamus in the Court of Appeals was the proper remedy for adjudicating the claimed violation of § 35 of the MESA but that all remedy was denied "for lack of merit in the grounds presented."

On appeal here defendant O'Rourke attempted to argue facts before this Court to show how much he actually worked despite the fact that the allegations in the complaint filed in the Court of Appeals were never denied. We agree with plaintiffs and appellants that the dismissal by the Court of Appeals must be viewed as a dismissal of the claim on the pleadings. The allegations in the amended complaint and affidavits must be viewed in the light most favorable to plaintiffs for purposes of reviewing the propriety of the dismissal by the Court of Appeals for "lack of merit in the grounds presented."

Thus viewing the complaint, we find ourselves in agreement with the Attorney General who states in brief amicus curiae as follows:

"Having recognized that it has jurisdiction to hear and determine this cause, it is difficult to comprehend the basis upon which the court of appeals decided that there was 'lack of merit in the grounds presented' * * * ."

It may be that the Court of Appeals had in mind some interpretation of the statute that would preclude any and all forms of relief even upon a

showing that defendant O'Rourke only worked
60% of the time generally worked by other officers
and employees of the executive department of the
state.

But even if this were so, plaintiff U.A.W. alleges
specifically in count 9 of the amended complaint a
violation of the statute in the words of the statute
as follows:

"9. Defendant O'Rourke, as Appeal Board Chairman,
does not personally perform the duties of his office
during the hours generally worked by other officers and
employees of the executive department of the State."

The Court of Appeals did not cite this paragraph
for any procedural defect and the allegation was
never answered or denied by defendant O'Rourke.
If the Court of Appeals holds there is jurisdiction
to grant relief for a violation of this statute and,
as quoted, plaintiff specifically alleged by com-
plaint the exact violation of the statute for which
there was held to be jurisdiction to grant relief, on
what theory is there a "lack of merit" in the
grounds presented as quoted above?

It may also be that the Court of Appeals ac-
cepted defendant's argument that the Governor
must have found that defendant was complying
with the statute since defendant was not dismissed
and that the Court is then precluded from review-
ing this determination because of the doctrine of
separation of powers. If that were the basis of the
Court's statement that the complaint lacked merit,
it misses the point. The issue before the Governor,
as pointed out in the memorandum from his legal
adviser, is his power of *removal* under Const 1963,
art 5, § 10 for " * * * *gross neglect of duty or for
corrupt conduct in office* * * * " (emphasis added).
The question before the Court of Appeals in the

mandamus action, however, is *not* whether defendant O'Rourke should be *removed* for "gross neglect" or for "corrupt conduct" but rather whether defendant O'Rourke should be ordered to comply with a statute creating a duty to perform services full time during certain hours; and whether damages in the form of a salary refund to the administration fund would be appropriate if there were a violation of the duties expressed in the statute. A determination by the Court on this issue would not constitute judicial review of any refusal of the Governor to remove O'Rourke even if such review were precluded by the doctrine of separation of powers in this case.

There may have been some other reason for the Court of Appeals' determination that the complaint lacked merit in the grounds presented, but this Court will not render a decision based on speculation as to the grounds for their decision.

If plaintiffs would not be entitled to any form of relief under the statute regardless of the facts produced in support of the allegations in the complaint, then the Court of Appeals must explain what construction of the statute precludes any relief. Without such an explanation there is no adequate basis for judicial review of the dismissal of this complaint on the pleadings. If, on the other hand, the complaint is defective under some procedural theory, then the action should not have been dismissed "for lack of merit" since plaintiffs, before dismissal, may amend their complaint to plead the case properly if possible.

The decision of the Court of Appeals is vacated[4] and, in accordance with the alternative relief requested by defendant O'Rourke,[5] the cause is re-

---

[4] Prayer (d), p 54 appellants' brief.

[5] Prayer, p 20 appellee's brief.

manded to the Court of Appeals for proceedings not inconsistent with this opinion.

In *In re Schlossberg v State Bar Grievance Board* we ordered that costs in that case would abide the final results in that case which is still pending. Costs of the appeal in this case to appellants.

T. M. KAVANAGH, C. J., and ADAMS, T. G. KAVANAGH, and SWAINSON, JJ., concurred with WILLIAMS, J.

T. E. BRENNAN, J. *(dissenting)*. My Brother's opinion comes to a very novel conclusion. It holds that a public officer might be obligated to return part of his salary to the state, upon the complaint of a private citizen, alleging failure to perform a duty of the office. It cites no authority for this proposition. We can find no other case where it has ever been done or even claimed.

The general rule of law, of course, is that a voluntary payment of any kind cannot be recovered by the payor in the absence of fraud, mistake, or similar grounds.

Even in case of the impeachment of a public officer, judgment of conviction may not extend further than removal from office. Const 1963, art 11, § 7.

The policy considerations which argue against creating the kind of action my Brother would invent in this cause are almost too numerous to mention.

Public officers will be required to spend substantial time, energy, and expense to defend against frivolous and politically motivated salary-refund cases.

No wage earner, nor person of ordinary means,

would be able to risk acceptance of public office, since he or she would be unable to secure the repayment of compensation to the state.

The courts would be enmeshed in political name-calling and obligated to hear "on the merits" every claim of malfeasance, nonfeasance, misfeasance, or just plain dissatisfaction with the efforts of public officers.

I must dissent against the continued persecution of this defendant. He no longer holds the office from which this action sought to oust him.

The matter is moot.

BLACK, J., did not sit in this case.