INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE, & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA—UAW v GOVERNOR

1. STATUTES—CONSTRUCTION—INTERPRETATION—LEGISLATIVE INTENT.

It is the primary obligation of the Court of Appeals to ascertain and carry into effect the intent of the Legislature where the interpretation of statutory language is disputed; where the words used in a statute are commonplace and the language is clear, that court will not engraft an interpretation upon the language contrary to the plain meaning of the words used.

2. STATUTES—OFFICERS—DUTIES—EMPLOYMENT SECURITY APPEAL BOARD—HOURS OF WORK—OUTSIDE EMPLOYMENT—CONDITIONS.

The Michigan Employment Security Act requires members of the Michigan Employment Security Appeal Board to work at least 40 hours a week with the hours of work falling between 7:30 a.m. and 6:30 p.m. Monday through Friday and does not prohibit members of the board from engaging in outside employment provided that such employment does not conflict in hours or interest with state employment and further provided that written consent is obtained from the Governor and that he be kept informed of any changes in relation to outside employment (MCLA 427.35).

Original action in the Court of Appeals. Submitted Division 2 on remand June 19, 1973, at Lansing. (Docket No. 9468.) Decided October 30, 1973.

Original complaint by International Union, United Automobile, Aerospace & Agricultural Implement Workers of America—UAW and others against the Governor and Peter E. O'Rourke for a writ of mandamus to compel the removal of de-

REFERENCES FOR POINTS IN HEADNOTES
[1] 50 Am Jur, Statutes §§ 223, 246, 257.
[2] 53 Am Jur 2d, Master & Servant §§ 101, 102.

fendant O'Rourke from the Michigan Employment
Security Appeal Board and other relief. Complaint
dismissed. Plaintiff appealed to the Supreme
Court. Vacated and remanded for further proceed-
ings not inconsistent with the Supreme Court
opinion, 388 Mich 578. On remand, statute con-
strued.

*Stephen I. Schlossberg, John A. Fillion,* and
*Jordan Rossen,* for plaintiffs.

*Ivan E. Barris,* for defendant O'Rourke.

*Amici Curiae:*

*Frank J. Kelley,* Attorney General, *Solomon H.
Bienenfeld,* First Assistant in Charge of Legal
Affairs, and *James M. Edwards,* Assistant Deputy
Attorney General.

Michigan Employment Security Appeal Board
(by *Michael K. Hegarty,* Chairman, and *Myron H.
Wahls* and *Robert H. Harkness,* Members).

Before: T. M. BURNS, P. J., and McGREGOR and
VAN VALKENBURG,* JJ.

PER CURIAM. The present action was initially
filed with this Court in the form of a complaint for
a writ of mandamus. We dismissed the complaint
on September 1, 1970, for lack of merit in the
grounds presented. On appeal to the Supreme
Court the order of dismissal was vacated, and the
case was remanded back to this Court for further
proceedings. See *UAW v Governor,* 388 Mich 578;
202 NW2d 290 (1972).

The instant suit originally focused upon the

---

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

activities of the defendant while he was a member of the Michigan Employment Security Appeal Board. However, inasmuch as defendant's appointment to the board has since expired, the parties agree that defendant's conduct while on the board is no longer at issue in the present controversy. The sole remaining question is one of law and centers upon the construction and interpretation of § 35 of the Michigan Employment Security Act[1] which reads in pertinent part:

"Each member of the board [Michigan Employment Security Appeal Board] shall devote full time to the functions of the board. Each member shall, therefore, personally perform the duties of his office during the hours generally worked by other officers and employees of the executive department of the state."

Plaintiffs argue that § 35 requires the board members to devote full time to the functions of the board, that board members work at least 40 hours a week during the hours normally worked by other officers and employees of the executive department, and that board members are precluded from engaging in any other business or profession while serving on ⸱ Michigan Employment Security Appeal Board.

On the other hand defendant contends that § 35 does not require board members to work a specific number of hours but rather requires that they completely and competently fulfill their duties and that board members are not prohibited from pursuing any outside business or profession.

Since statutory language is at issue, the normal rules of statutory construction are applicable. Where, as here, the interpretation of statutory

[1] MCLA 421.35; MSA 17.537

language is disputed, it becomes our primary obligation to ascertain and carry into effect the intent of the Legislature. *Dussia v Monroe County Employees Retirement System,* 386 Mich 244; 191 NW2d 307 (1971). Moreover, the words used in § 35 are commonplace and the language is clear, therefore, we will not engraft an interpretation upon the language contrary to the plain meaning of the words used. See *Dussia, supra,* citing *MacQueen v City Commission of the City of Port Huron,* 194 Mich 328; 160 NW 627 (1916). After a careful and thorough reading of § 35 of the Michigan Employment Security Act[2] we are persuaded the Legislature sought to insure that a board member's employment-related activities would comport to that expected of other full-time state employees.

The Legislature did not specifically delineate in the act the meaning of the phrase "hours generally worked by other officers and employees of the executive department". However, it is reasonable to conclude, without doing violence to the language of the act, that the Legislature had in mind that board members would perform their duties during ordinary office hours which constitutes an eight-hour day Monday through Friday falling within the period of 7:30 a.m. to 6:30 p.m. In this regard, we are in complete agreement with that portion of the amicus curiae brief submitted by the Attorney General which states:

"There has been no showing—nor, indeed, is it conceivable that there would be any—as to why compliance with the statutory mandate would be either impractical or burdensome. Upon acceptance of this important post, a person should anticipate the burden to be assumed and make the necessary arrangements. Other full time state employees and officers are able to comply with

---

[2] *Id.*

these standards and appeal board members should also be compelled to do so."

Similarly the Legislature did not define the sentence in the act which reads: "Each member of the board shall devote full time to the functions of the board". Nonetheless we find the rules of the Civil Service Commission governing the hours and acceptance of outside employment[3] helpful in explaining the meaning of the sentence. Admittedly the Legislature did not incorporate Civil Service Rules into the act by reference. However, we view these rules as a model of the type of employment standards the Legislature intended.

A review of § 8 of the Civil Service Rules of 1972 reveals that: (1) a full-time state employee must work at least 80 hours bi-weekly or in other words at least 40 hours a week (CSR 1972, 8.1); (2) a full time state employee is permitted to engage in supplementary employment provided that it does not conflict in hours or interest with state employment and provided written consent is obtained from the appointing authority which in the instant case is the Governor (CSR 1972, 8.5, 8.5a, 8.5b; and MCLA 421.35; MSA 17.537); and (3) in the event written consent for supplementary employment is obtained, the appointing authority must be kept continually advised of any changes in relation to the outside employment (CSR 1972, 8.5c). It is at once apparent that these rules are not arbitrary and capricious but rather are based upon sound reason and common sense.

For the reasons delineated above, we hold that § 35 of the Michigan Employment Security Act: (1) requires members of the Michigan Employment Security Appeal Board to work at least 40 hours a

---

[3] Civil Service Rules 1972, § 8

week with the hours of work falling between 7:30 a.m. and 6:30 p.m. Monday through Friday and (2) does not prohibit members of the board from engaging in outside employment provided that such employment does not conflict in hours or interest with state employment and further provided that written consent is obtained from the Governor and that the Governor be kept informed of any changes in relation to outside employment.