KOZIOL v KELVINATOR, INC.

1. UNEMPLOYMENT COMPENSATION—EMPLOYMENT SECURITY ACT—PUR-POSE.

The primary purpose of the Employment Security Act is to compensate workers for lost wages, not to increase wages.

2. UNEMPLOYMENT COMPENSATION—BACK-TO-WORK BENEFITS—LAYOFF.

An employee on paid vacation pursuant to union contract for two weeks prior to a one-week layoff was not entitled to a "back to work" benefit because one of the elements necessary for a legitimate claim to the "back to work" benefit is that the period of unemployment commence with a layoff that continues for more than three weeks (MCLA 421.27[c][2]).

Appeal from Ingham, Sam Street Hughes, J. Submitted Division 2 February 8, 1974, at Lansing. (Docket Nos. 16524–16526.) Decided March 28, 1974.

Claim by Edward L. Koziol and Roger D. Nadwodnik, employees of Kelvinator, Inc., for unemployment compensation. Benefits denied by the Employment Security Commission Appeal Board. Claimants and the Employment Security Commission appealed to circuit court. Reversed. Kelvinator, Inc., appeals. Reversed.

*John A. Fillion* and *Jordan Rossen (Edwin Fabre, Charles Looman, Leonard Page,* and *M. Jay Whitman,* of counsel), for plaintiffs Edward L. Koziol and Roger D. Nadwodnik.

*Warner, Norcross & Judd* (by *Wallson G. Knack)*

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 48 Am Jur 2d, Labor and Labor Relations § 1825.

and *Squire, Sanders & Dempsey* (by *George F. Lynch),* for defendant Kelvinator, Inc.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Felix E. League,* Assistant Attorney General, for the Employment Security Commission.

Before: BRONSON, P. J., and QUINN and VAN VALKENBURG,* JJ.

QUINN, J. On leave granted, defendant Kelvinator appeals from the judgment of the circuit court which reversed the Michigan Employment Security Commission Appeal Board's affirmance of the holding by the referee that claimants Koziol and Nadwodnik were not entitled to "back to work" benefits under MCLA 421.27(c)(2); MSA 17.529(c)(2). We reverse and reinstate the holding of the appeal board's denial of benefits.

Claimant Koziol worked through Friday, July 12, 1968. He was on paid vacation pursuant to union contract from July 15, 1968 through Sunday, July 28, 1968. He was on layoff from July 29, 1968 through August 4, 1968 and returned to work August 5, 1968. The facts concerning claimant Nadwodnik are identical except he worked through Wednesday, July 10, 1968 and did not work July 11 and 12 because inventory was being taken.

One of the elements necessary for a legitimate claim to the "back to work" benefit provided for in MCLA 421.27(c)(2), *supra,* is: "which commenced with a layoff by an employing unit that continued with such employing unit for more than three weeks".

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

The primary purpose of the Employment Security Act is to compensate workers for lost wages, *General Motors Corp v Erves,* 47 Mich App 591; 209 NW2d 713 (1973). The purpose is not to increase wages. Common sense construction of the legislative language and purpose dictate a finding that the only "layoff" disclosed by this record is the one-week period from July 29, 1968 through August 4, 1968.

There is no dispute as to the dates and time periods indicated above. This fact and the foregoing finding of a one-week layoff obviate discussion of claimants' *O'Rourke*[1] issue.

Reversed but without costs, a public question being involved.

All concurred.

---

[1] *See UAW v Governor,* 388 Mich 578; 202 NW2d 290 (1972), and *International Union, United Automobile, Aerospace, & Agricultural Implement Workers of America—UAW v Governor,* 50 Mich App 116; 212 NW2d 814 (1973).