CASTRO v DRYDEN FARMS, INC.

1. WORDS AND PHRASES—AND/OR—MINIMUM WAGE LAW—PLAIN MEANING—STATUTES.

The plain meaning of the phrase "and/or" as used in the provision of the Minimum Wage Law which tells where an aggrieved party is to seek redress properly expresses the intent of indicating both or either of two choices (MCLA 408.393; MSA 17.255[13]).

2. ADMINISTRATIVE LAW—MINIMUM WAGE LAW—COMMISSIONER OF LABOR—CIRCUIT COURT—EXHAUSTION OF ADMINISTRATIVE REMEDIES—SUMMARY JUDGMENT—STATUTES.

The Legislature, by its language in the Minimum Wage Law allowing an aggrieved employee either to start a civil action or to file a claim with the Commissioner of Labor or to do both, has obviated the requirement of exhaustion of administrative remedies as a prerequisite to bringing suit in circuit court for an employer's alleged failure to comply with the Minimum Wage Law; therefore, a lower court's grant of summary judgment based on a plaintiff's failure to exhaust administrative remedies was error (MCLA 408.393; MSA 17.255[13]).

3. MASTER AND SERVANT—MINIMUM WAGE LAW—PLEADINGS—DEDUCTIONS FROM WAGES—CAUSE OF ACTION—STATUTES.

An employee who alleges in a complaint that his employer set a wage rate which complied with the Michigan Minimum Wage Law but that through impermissibly excessive deductions the actual payment to the employee was an amount less than the minimum wage has stated a cause of action under the Minimum Wage Law (MCLA 408.393; MSA 17.255[13]).

REFERENCES FOR POINTS IN HEADNOTES
[1] 1 Am Jur 2d, Abbreviations § 8.
   73 Am Jur 2d, Statutes § 242.
[2] 2 Am Jur 2d, Administrative Law § 595 et seq.
[3] 48 Am Jur 2d, Labor and Labor Relations § 1773 et seq.
[4] 48 Am Jur 2d, Labor and Labor Relations § 1769.
[5] 48 Am Jur 2d, Labor and Labor Relations § 1768.

4. MASTER AND SERVANT—MINIMUM WAGE LAW—WAGE DEVIATION BOARD—ADMINISTRATIVE RULES—MEAL DEDUCTIONS.

The wage deviation board has promulgated an administrative rule covering allowable meal deductions under the Minimum Wage Law; an employer who is dissatisfied with the existing rule has the burden of petitioning for a redetermination.

5. MASTER AND SERVANT—MINIMUM WAGE LAW—AGRICULTURAL EMPLOYERS—PIECEWORK—EXEMPTIONS—EQUIVALENT SCALE—STATUTES.

A provision of the Minimum Wage Law which exempts certain agricultural employers who contract for the harvesting of their crops by piecework applies only until an equivalent piecework rate can be determined and all such determinations were to be made no later than May 1, 1967; therefore, the fact that no such piecework equivalent scale for mushroom harvesting was determined is an implicit finding that a mushroom producer is not an exempt agricultural employer (MCLA 408.394; MSA 17.255[14]).

Appeal from Lapeer, Martin E. Clements, J. Submitted October 13, 1977, at Lansing. (Docket No. 31132.) Decided November 21, 1977.

Complaint by Joaquin Castro, on behalf of himself and others similarly situated, against Dryden Farms, Inc., to recover for alleged violations of the Michigan Minimum Wage Law. Summary judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Michigan Migrant Legal Assistance Project, Inc.* (by *Jose A. Berlanga)*, for plaintiff.

*McGinty, Rosewarne, Halverson, Brown & Jakubiak, P. C.* (by *Thomas M. Hitch)*, for defendant.

Before: DANHOF, C. J., and ALLEN and H. L. HEADING,* JJ.

_____

* Detroit Recorder's Court judge, sitting on the Court of appeals by assignment.

DANHOF, C. J. On July 8, 1976, plaintiff brought suit in circuit court to recover for alleged violations of the Michigan Minimum Wage Law, MCLA 408.381 *et seq.;* MSA 17.255(1) *et seq.* Plaintiff contended that although defendant's nominal wage rate met the statutory requirements, the actual wages received by defendant's employees were insufficient because of illegally excessive deductions made to cover the cost of meals provided by defendant to its employees.

In an opinion dated October 7, 1976, and an order dated November 17, 1976, the circuit court granted summary judgment in favor of defendant. In its opinion the circuit court stated that the plaintiff had an adequate administrative remedy which must be exhausted before suit could be brought in circuit court. In its order the circuit court stated that the summary judgment was being granted pursuant to GCR 1963, 117.2(1), failure to state a claim upon which relief can be granted. From this order plaintiff appeals as of right.

Plaintiff argues that the relevant statutory language provides an employee the options of either bringing an action in circuit court or filing a complaint with the Department of Labor, or both. We agree. MCLA 408.393; MSA 17.255(13) reads:

"If any employer pays any employee a lesser amount than the minimum wage provided in this act, the employee, at any time within 3 years, may (a) bring a civil action for the recovery of the difference between the amount paid and the minimum wage provided in this act and an equal additional amount as liquidated damages together with costs and such reasonable attorney's fees as may be allowed by the court, and/or (b) file a claim with the commissioner who shall investigate the claim. If the commissioner determines there is reasonable cause to believe that the employer has vio-

lated the provisions of this act and the commissioner is subsequently unable to obtain voluntary compliance by the employer within a reasonable period of time, the commissioner shall bring a civil action under the procedures and remedies as provided in clause (a). No contract or agreement between the employer and the employee or any acceptance of a lesser wage by the employee shall be a bar to the action."

In *Michigan Public Service Co v Cheboygan,* 324 Mich 309, 341; 37 NW2d 116 (1949), the Court considered albeit in a different context the meaning of the phrase "and/or". The Court stated in part:

"At the outset we should make it plain that the use of the phrase 'and/or' is the subject of frequent abuse and should be avoided.

\* \* \*

" 'And' is a conjunctive, used to denote a joinder, a union. 'Or' is the opposite, a disjunctive, used to indicate a disunion, a separation, an alternative. There are occasions where intent may properly be expressed by 'and/or,' indicating 'both, or either.' "

As we read the relevant section of the Minimum Wage Law, the phrase "and/or", as used therein, properly expresses the intent of indicating both or either. This is the plain meaning of the words as used. The Legislature has given the employee the options of pursuing either one or both of two methods of redress. Consequently, no requirement of exhaustion of administrative remedies as a prerequisite to bringing suit in circuit court exists. The Legislature has obviated such a requirement by the plain language of this statute. See *Dussia v Monroe County Employees Retirement System,* 386 Mich 244; 191 NW2d 307 (1971).

Since there exists no prerequisite of exhaustion

of administrative remedies in this case, it was error for the circuit court to grant summary judgment on that basis.

Defendant asserts that plaintiff has admitted payment of the minimum wage, that plaintiff only claims that the deductions are excessive, that therefore plaintiff does not state a cause of action under subdivision (a) of § 13 of the Minimum Wage Law because the act only applies "[i]f any employer pays any employee a lesser amount than the minimum wage provided in this act", and that therefore summary judgment was proper. We disagree. Plaintiff's complaint reads in part:

"The deduction *[sic]* which have been made from the wages paid to plaintiff and to members of the class were not based on the meals provided and the number of hours worked and exceeded the maximum perissible *[sic]* deductions under Rule 408.702, in violation of the Michigan Minimum Wage Law."

Plaintiff contends that defendant set a wage *rate* which complied with the act but through impermissibly excessive deductions, the actual payment to plaintiff was a lesser amount than the minimum wage. This states a cause of action under the statute. To hold otherwise would be to allow easy avoidance of the provisions of subdivision (a) of § 13 of the act. We do not believe that the Legislature intended such a result.

Defendant also contends that plaintiff was required to petition for a determination of the proper meal deductions pursuant to MCLA 408.387; MSA 17.255(7) before plaintiff could assert that the deductions made from employee wages were excessive. Defendant contends that "[t]he stature *[sic]* clearly provides for a case by case determination of what are reasonable deductions".

We find this argument unpersuasive. The wage deviation board has promulgated 1970–1971 AACS, R 408.702 covering allowable meal deductions. It is this determination upon which plaintiff relies to establish the proper amount deductible. It is defendant who has the burden of petitioning for a redetermination if defendant is dissatisfied with the existing rule.

Defendant also contends that the provisions of the Michigan Minimum Wage Law simply do not apply to defendant because MCLA 408.394; MSA 17.255(14) exempts agricultural employers who contract for harvesting of their crops by piecework and that "[t]he Defendant is undisputably an agricultural employer who traditionally contracts for the harvesting of the mushrooms on a piece work basis". The act granted an exception for certain agricultural employers until an equivalent piecework rate could be determined. Such determinations were to be made no later than May 1, 1967. The fact that no piecework equivalent scale for mushroom harvesting was determined was an implicit finding that the defendant was not an exempt agricultural employer. If the defendant disputes this, then it is the defendant not the plaintiff who has the burden of petitioning the Department of Labor "to establish the proper piecework rate".

We do not intend that anything in this opinion be taken as a comment on the question of whether or not defendant was paying its employees less than minimum wage. We merely hold that summary judgment was not properly granted on any of the grounds advanced by the defendant.

Reversed and remanded. Costs to plaintiff.