DUSSIA *v.* MONROE COUNTY EMPLOYEES
RETIREMENT SYSTEM

1. STATUTES — CONSTRUCTION — INTERPRETATION — LEGISLATURE'S
   INTENTION.

   The primary rule governing the interpretation of statutes is to
   ascertain and give effect to the intention of the legislature,
   all other rules serve but as guides to assist the courts in
   determining such intent with a greater degree of certainty.

2. STATUTES—CONSTRUCTION—INTERPRETATION.

   A bare reading of a statute suffices and no interpretation is
   necessary if the language employed in a statute is plain,
   certain and unambiguous.

3. STATUTES—CONSTRUCTION—INTERPRETATION.

   Effect must be given in the interpretation of a statute, if
   possible, to every word, sentence and section; the entire act
   must be read, and the interpretation to be given to a par-
   ticular word in one section arrived at after due consideration
   of every other section so as to produce, if possible, a
   harmonious and consistent enactment as a whole.

4. COUNTIES—PENSIONS—RETIREMENT PLANS—STATUTES.

   A statute providing for county retirement plans should be inter-
   preted to mean that, until an adopted and established plan is
   approved by a county pension plan committee, there is no
   effective or operative plan which creates rights in anyone as
   the language of the statute "any plan  *  *  *  shall be ap-
   proved  *  *  *  by a county pension plan committee  *  *  *
   before the plan shall become effective or operative" could hardly

REFERENCES FOR POINTS IN HEADNOTES

[1]  50 Am Jur, Statutes § 223.
[2]  50 Am Jur, Statutes § 225.
[3, 5]  50 Am Jur, Statutes § 235 *et seq.*
[4]  50 Am Jur, Statutes § 217 *et seq.*

be more specific in denying any operation or effect to the
plan before such approval (MCLA § 46.12a).

5. STATUTES—CONSTRUCTION—LEGISLATURE'S INTENTION—INTERPRE-
TATION.
    It is a cardinal rule that the legislature must be held to intend
    the meaning which it has plainly expressed, and in such cases
    there is no room for construction, or attempted interpretation
    to vary such meaning.

Appeal from Court of Appeals, Division 2, Quinn,
P. J., and McGregor and Bronson, JJ., reversing
Monroe, William J. Weipert, Jr., J. Submitted
October 5, 1971. (No. 5 October Term 1971, Docket
No. 53,148.) Decided November 9, 1971.

27 Mich App 398 affirmed.

Complaint by Emil J. Dussia, administrator of
the estate of Vallie W. Dussia, deceased, against
the Board of Trustees of the Monroe County
Employees Retirement System for pension benefits.
Judgment for plaintiff. Defendant appealed to
the Court of Appeals. Reversed. Plaintiff appeals.
Affirmed.

*Griffin & Griffin,* for plaintiff.

*James J. Rostosh,* Prosecuting Attorney, for
defendant.

WILLIAMS, J. The issue in this case is of first
impression and turns on the interpretation of the
following statute:

"Any plan hereafter adopted and established by
a county for the payment of pension and retirement
benefits to its employees, under the provisions of
this section, shall be approved as complying with

the provisions of this section, as amended, by a county pension plan committee consisting of the auditor general, the state treasurer and the executive secretary of the state employees' retirement system, established under the provisions of Act No. 240 of the Public Acts of 1943, as amended, being sections 38.1 to 38.43 of the Compiled Laws of 1948, before the plan shall become effective or operative in such county. Any such plan in effect at the time this amendatory section becomes effective shall be approved by said county pension plan committee as complying with the provisions of this section, as amended, within 1 year after the effective date hereof, and each county retirement plan operating under the provisions of this section shall be approved by said committee as complying with the provisions of this amendatory section biennially thereafter." CL 1948, § 46.12a (Stat Ann 1971 Cum Supp § 5.333[1]).

The controlling question is whether rights in the Monroe County Employees Retirement Plan vest when the plan is "adopted and established" by the Board of Supervisors, or whether rights vest when the plan becomes "effective or operative" after the required approval by the County Pension Plan Committee.

Plaintiff's decedent was the probate judge of Monroe County for many years prior to his retirement on December 31, 1964. In February of 1965 the Monroe County Board of Supervisors voted to establish a pension plan pursuant to MCLA § 46.12a with a retroactive effective date of November 30, 1964, one month before Judge Dussia's retirement. The plan was submitted to the County Pension Plan Committee as required by statute and in May of 1965 it was returned to the County Board of Supervisors for several amendments which were necessary to bring the plan within the provisions of the statute.

In making these necessary amendments, however, the Board of Supervisors also changed the effective date to "the first day of the calendar month next following the approval of the retirement system by the County Pension Plan Committee". The plan was submitted to the County Pension Plan Committee with these amendments and was approved in June of 1965, thus making the effective date of the plan July 1, 1965.

In February of 1967, Judge Dussia filed suit in Monroe County Circuit Court seeking an order compelling the County Board to include him within the plan under the original retroactive date. The trial court held for the plaintiff on the ground that the original retroactive date was "adopted and established" in February of 1965 and the Board of Supervisors could not reconsider that date under their own rules.[1] The Court of Appeals reversed on the ground that the plan was not "effective or operative" under the statute until approved by the County Pension Plan Committee and that the rule limiting reconsideration did not come into play until such approval. Application for rehearing was denied in the Court of Appeals and we granted leave to consider the question of statutory interpretation.

The key words of the statute are as follows:

"Any plan hereafter *adopted* and *established* by a county  *  *  *  *shall be approved*  *  *  *by a

---

[1] Rule 21 of the Monroe County Board of Supervisors reads as follows:

"Rule 21. Any member who votes with the majority on any question may move for its reconsideration on the same day or the day following (on which sessions of the Board are held), but not later, and no question shall be reconsidered more than once."

We express no opinion on whether the Board of Supervisors violated their own rule and, if so, whether there might be any remedy for their doing so. The real issue in this case is not whether or when the board may reconsider their action but whether plaintiff's decedent's rights could vest when the plan was "adopted and established" or whether rights can only vest when the plan is "effective or operative".

County Pension Plan Committee * * * *before the plan shall become effective or operative* in such county." (Emphasis added.)

The theory of the trial court is that when the plan was "adopted and established" in February Judge Dussia had enforceable rights. Counsel for plaintiff points out the case of *Muskegon Traction & Lighting Co.* v. *Muskegon* (1911), 167 Mich 331, where this Court said that:

" 'To establish' means 'to originate and secure the permanent existence of; to found; to institute; to create and regulate; to make stable and firm.' " *Id.* 337.

The words of a statute, however, should not be construed in the void but must be read together to effectuate the intention of the legislature. *People* v. *Burns* (1858), 5 Mich 114. The general rule of statutory construction was stated by this Court in *Grand Rapids* v. *Crocker* (1922), 219 Mich 178:

"There seems to be no lack of harmony in the rules governing the interpretation of statutes. All are agreed that the primary one is to ascertain and give effect to the intention of the legislature. All others serve but as guides to assist the courts in determining such intent with a greater degree of certainty. If the language employed in a statute is plain, certain and unambiguous, a bare reading suffices and no interpretation is necessary. The rule is no less elementary that effect must be given, if possible, to every word, sentence and section. To that end, the entire act must be read, and the interpretation to be given to a particular word in one section arrived at after due consideration of every other section so as to produce, if possible, a harmonious and consistent enactment as a whole." *Id.* 182.[2]

_____

[2] Plaintiff's counsel points out that under the same section (MCLA § 46.12a), plans already in effect when the act was passed must also

We interpret this statute to mean that until an adopted and established plan is approved by the County Pension Plan Committee there is no effective or operative plan which creates rights in any one. The language of the statute, "any plan * * * shall be approved * * * by a county pension plan committee * * * before the plan shall become effective or operative", could hardly be more specific in denying any operation or effect to the plan before such approval. As we said in *MacQueen* v. *City Commission of the City of Port Huron* (1916), 194 Mich 328, 342:

"It is a cardinal rule that the legislature must be held to intend the meaning which it has plainly expressed, and in such cases there is no room for construction, or attempted interpretation to vary such meaning."

No rights could be created in the plan until County Pension Plan Committee approval. The plan approved by the County Pension Plan Committee was effective and operative as of June 22, 1965. Judge Dussia, having retired before the effective date of the approved plan, had no claim to its benefits.

The Court of Appeals is affirmed but without costs, a public question being involved.

be approved by a County Pension Plan Committee. Since rights in these previously effective plans are vested irrespective of the committee's approval, it is argued that rights in a newly adopted plan, as here, also vest before approval. Although this might produce a consistent result for the two classes of plans, it is plain that the legislature intended a different treatment for new plans and plans already in effect.

"Any such plan *in effect* * * * shall be approved", says the statute (emphasis added) but here there is *no* proviso of "before the plan shall become effective or operative." This section highlights the difference between effective plans and those adopted but not effective or operative. Of course existing plans became effective under other authority than the instant statute which controls this Monroe County plan.

T. M. Kavanagh, C. J., and Adams, T. E. Brennan, T. G. Kavanagh, and Swainson, JJ., concurred with Williams, J.

Black, J., did not sit in this case.