THE COMMERCIAL SAVINGS BANK v G & J WOOD PRODUCTS
CO, INC

1. ASSIGNMENTS—ACCOUNTS RECEIVABLE—PAYMENT—NOTICE.

An account debtor may pay the assignor of accounts until notified
by the assignee that payment is to be made to the assignee;
therefore, where the account debtor had knowledge that the
assignor was receiving financing from the assignee on the basis
of assigned accounts receivable, which included accounts that
the account debtor owed the assignor, but he had not received
notice from the assignee as to the specific accounts of the
account debtor that had been assigned to the assignee and the
assignee's demand that the account debtor pay these accounts
to the assignee and not to the assignor, the account debtor was
authorized to remit payment to the assignor (MCLA
440.9318[3]).

2. BILLS AND NOTES—PARTIES—LIABILITY—SIGNATURE.

No person is liable on an instrument unless his signature appears
thereon (MCLA 440.3401).

3. SET-OFF AND COUNTERCLAIM—NOTE—TRANSFEREES—ASSIGNMENTS.

A party not liable on a note who paid the note with the consent
of the holder acquired the rights of a transferee by that
payment, and a transferee acquires such rights as the trans-
feror had in the note; therefore, in an action by an assignee of
accounts receivable on an account against one who had paid a
note of the assignor although not liable on it and thus became
a transferee, the transferee cannot claim setoff for the note
paid where the note was not due until three months after
notification of the assignment, because the transferee had no
greater rights than the holder and the holder could not have
enforced its rights against the assignor until after the assign-
ment (MCLA 440.3201[1], 440.3603[2], 440.9318[1][d]).

REFERENCES FOR POINTS IN HEADNOTES
[1] 6 Am Jur 2d, Assignments for Benefit of Creditors § 44.
[2] 11 Am Jur 2d, Bills and Notes § 209.
[3] 11 Am Jur 2d, Bills and Notes § 521 *et seq.*

Appeal from Lenawee, Kenneth G. Prettie, J. Submitted Division 2 March 13, 1973, at Lansing. (Docket No. 14894.) Decided March 29, 1973.

Complaint by The Commercial Savings Bank, as assignee of James Bennington, doing business as Ridgeway Sawmill, against G & J Wood Products Company, Inc., to recover a balance due on assigned accounts. Judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Hammond, Baker & Kralick* (by *Robert J. Fraile),* for plaintiff.

*Conklin & Crause,* for defendant.

Before: QUINN, P. J., and BRONSON and VAN VALKENBURG,* JJ.

QUINN, P. J. By this action, plaintiff, as assignee of accounts receivable due from defendant to James Bennington, d/b/a Ridgeway Sawmill, sought to recover the alleged balance due from defendant on those accounts. Defendant asserted that it had discharged its obligation to Bennington prior to receipt of notification from plaintiff to pay the Bennington accounts to plaintiff. From a judgment of no cause of action, plaintiff appeals.

Resolution of the appeal depends on the determination of,

(a) What type of notice satisfies the provisions of MCLA 440.9318(3); MSA 19.9318(3) and,

(b) Does defendant have a defense or claim against Bennington which accrued before defendant received notification of the assignment of accounts receivable?

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

MCLA 440.9318; MSA 19.9318, pertinent to decision, provides:

"(1) Unless an account debtor has made an enforceable agreement not to assert defenses or claims arising out of a sale as provided in section 9206 the rights of an assignee are subject to

"(a) all the terms of the contract between the account debtor and assignor and any defense or claim arising therefrom; and

"(b) any other defense or claim of the account debtor against the assignor which accrues before the account debtor receives notification of the assignment.

*   *   *

"(3) The account debtor is authorized to pay the assignor until the account debtor receives notification that the account has been assigned and that payment is to be made to the assignee. A notification which does not reasonably identify the rights assigned is ineffective. If requested by the account debtor, the assignee must seasonably furnish reasonable proof that the assignment has been made and unless he does so the account debtor may pay the assignor."

Bennington obtained financing for his sawmill operation from plaintiff under a security agreement dated May 10, 1967 and perfected by filing May 11, 1967, as required by MCLA 440.9302; MSA 19.9302. Under this arrangement, Bennington assigned plaintiff his accounts receivable and received loans from plaintiff to the extent of about 80% of the accounts.

Defendant purchased lumber from Bennington from 1966 to the middle of 1969. April 25, 1969, defendant advanced Bennington $3,000. There was nothing in writing with respect to the $3,000 advance, and the manner of its repayment is disputed on the record, but Bennington did deliver two loads of lumber to defendant of a total value

of $198 which defendant credited against the advance.

Although defendant had knowledge that Bennington was receiving financing from plaintiff on the basis of assigned accounts receivable, which included accounts that defendant owed Bennington, it was not until July 3, 1969 that plaintiff notified defendant of the specific accounts of defendant that Bennington had assigned to plaintiff. This same notice directed defendant to pay these accounts to plaintiff and not to Bennington. June 27, 1969, defendant remitted to Bennington the sum of $5,089.71 in payment of a statement from Bennington for $7,891.71. The figure of $5,089.71 was arrived at by defendant deducting from the statement the $2,802 that Bennington still owed on the $3,000 advanced April 25, 1969.

George Sackett is president of defendant. October 14, 1968, Bennington executed a promissory note to Deerfield State Bank in the amount of $6,000. Mr. Sackett and his wife signed this note with Bennington so that the latter could obtain the loan. The note was payable $125 per week and was due October 14, 1969. After Deerfield State Bank notified Mr. Sackett that he might as well pay the note because he would have to eventually due to Bennington going out of business, defendant, on July 2, 1969, discharged the note by paying Deerfield State Bank $4,118.22. In the present action, defendant claimed the $4,118.22 as a set-off against the claim of plaintiff.

The language of MCLA 440.9318(3), *supra,* is unambiguous and its import is clear. An account debtor may pay the assignor of accounts until notified by the assignee that payment is to be made to the assignee. Defendant's deduction of the $2,802 from Bennington's statement for $7,891.71

was prior to July 3, 1969, and the trial court properly held that defendant did not owe this amount to plaintiff.

As to the $4,118.22 that defendant paid on the note to Deerfield State Bank, defendant never signed the note. MCLA 440.3401; MSA 19.3401 provides:

"No person is liable on an instrument unless his signature appears thereon."

However, it is apparent that defendant paid the note with the consent of the holder, and under MCLA 440.3603(2); MSA 19.3603(2), defendant acquired the rights of a transferee by that payment. Under MCLA 440.3201(1); MSA 19.3201(1), a transferee acquires such rights as the transferor had in the note.

As applied to the Deerfield State Bank note, the holder could not enforce it against Bennington until October 14, 1969 on the present record. Defendant was similarly restricted. Defendant had notification of the assignment of accounts by Bennington to plaintiff July 3, 1969, over three months before defendant's claim against Bennington on the Deerfield State Bank note accrued. The amount of $4,118.22 was not a proper set-off in defendant's favor, nor was it a defense or claim under the provision of MCLA 440.9318(1)(b), *supra.*

Reversed and remanded for entry of a judgment in plaintiff's favor and against defendant in the amount of $4,118.22 but without costs, neither party having prevailed in full.

All concurred.