DIMMITT & OWENS FINANCIAL, INC v REALTEK INDUSTRIES, INC

Docket No. 77-4547. Submitted December 7, 1978, at Detroit.—Decided February 8, 1979.

Defendant Art Clover, a mason contractor, entered into a contract with defendant Realtek Industries, Inc. (Realtek) to supply the materials and labor to complete the masonry on an apartment construction project. Plaintiff, Dimmitt & Owens Financial, Inc. (D & O) is in the business of purchasing accounts receivable. D & O purchased two of Clover's Realtek accounts after obtaining acknowledgments signed by either Realtek's vice- or executive vice-president stating that the amounts due were just and correct, not contingent upon the fulfillment of any obligation, past or future, and that Realtek agreed that the amounts were due and owing and approved and allowed the same. Realtek's executive vice-president was in charge of all facets of this particular construction project, including financing, and its vice-president was in charge of accounts. Shortly thereafter, Realtek discharged Clover from the job. D & O demanded payment and Realtek denied any money was due because Clover had breached his contract. D & O sued Realtek on the accounts and Realtek filed a third-party claim against Clover based on a release from "all liability arising out of the contract between the parties and for any and all work performed by the defendant". The Oakland Circuit Court, Richard D. Kuhn, J., granted judgment for plaintiff. Realtek appeals alleging numerous errors. *Held:*

1. The Uniform Commercial Code expressly preserves the

REFERENCES FOR POINTS IN HEADNOTES

[1] 15A Am Jur 2d, Commercial Code § 15.

[2] 28 Am Jur 2d, Estoppel and Waiver § 27.

[3] 3 Am Jur 2d, Agency § 73.

[4] 6 Am Jur 2d, Assignments § 96.

[5] 6 Am Jur 2d, Assignments §§ 109, 110.

[6] 45 Am Jur 2d, Interest and Usury § 141.

[7] 46 Am Jur 2d, Judgments §§ 199, 200.

Construction of Rule 60(a) of Federal Rules of Civil Procedure authorizing correction of clerical mistakes in judgments, orders, or other parts of record, and errors therein arising from oversight or omission. 13 ALR Fed 794.

doctrine of estoppel unless displaced by the particular provisions of the act. Estoppel arises where a party, by representations, admissions or silence, intentionally or negligently induces another party to believe facts, and the other party justifiably relies and acts on this belief, and will be prejudiced if the first party is permitted to deny the existence of the facts. There was sufficient evidence for the trial court to find Realtek to be estopped to deny liability.

2. An officer or agent of a private corporation, entrusted with the general management and control of its business and affairs, has implied or apparent authority to do acts or make any contracts in its behalf falling within the scope of the ordinary and usual business of the company, and limitations and restrictions placed upon his express or implied authority, of which persons dealing with him have neither actual nor constructive notice, will not serve to restrict such powers to the prejudice of innocent third persons. There was sufficient evidence for the court to find that the execution of the acknowledgments was in the ordinary and usual course of Realtek's business and that D & O was justified in relying on the signers' apparent authority to execute such documents.

3. An account debtor is required, under the Uniform Commercial Code, to pay an assignee upon notice of the assignment or request reasonable proof that an assignment has been made. At worst, it was harmless error to introduce the accounts receivable purchase agreements without laying a proper foundation since Realtek had received notice and failed to request further proof of assignment.

4. The trial court did not err in denying Realtek a default judgment against Clover because an account debtor's obligation to pay an assignee is entirely separate from his duty under a contract with the assignor.

5. The usury statute does not apply to the purchasing of accounts receivable.

6. Clerical mistakes in a judgment may be corrected upon discovery by the court on its own motion or on motion from a party.

Remanded with instructions.

1. Estoppel — Statutes — Uniform Commercial Code.

The Uniform Commercial Code expressly preserves the doctrine of estoppel unless displaced by the particular provisions of the act (MCL 440.1103; MSA 19.1103).

2. ESTOPPEL — DEFINITIONS — WORDS AND PHRASES.

Estoppel arises where a party, by representations, admissions or silence, intentionally or negligently induces another party to believe facts, and the other party justifiably relies and acts on this belief, and will be prejudiced if the first party is permitted to deny the existence of the facts.

3. PRINCIPAL AND AGENT — AUTHORITY OF AGENT — APPARENT AUTHORITY.

An officer or agent of a private corporation, entrusted with the general management and control of its business and affairs, has implied or apparent authority to do acts or make any contracts in its behalf falling within the scope of the ordinary and usual business of the company, and limitations and restrictions placed upon his express or implied authority, of which persons dealing with him have neither actual nor constructive notice, will not serve to restrict such powers to the prejudice of innocent third persons.

4. ASSIGNMENTS — EVIDENCE — STATUTES — UNIFORM COMMERCIAL CODE.

An account debtor is required, under the Uniform Commercial Code, to pay an assignee upon notice of the assignment or request reasonable proof that an assignment has been made; it was, at worst, harmless error to introduce an accounts receivable purchase agreement without laying a proper foundation in a lawsuit by an assignee against an account debtor who had received notice and failed to request further proof or assignment (MCL 440.9318[3]; MSA 19.9318[3]).

5. PLEADING — ASSIGNMENTS — RELEASES.

An account debtor who, when sued by the assignee of the account, claimed against the assignor under a release from "all liability arising out of the contract between the parties [which gave rise to the account] and for any and all work performed" by the assignor failed to plead a sufficient cause of action against the assignor; an account debtor's duty to pay an assignee is entirely separate from his duty under a contract with the assignor.

6. USURY — PURCHASE OF ACCOUNTS RECEIVABLE.

The usury statute does not apply to the purchasing of accounts receivable (MCL 438.31; MSA 19.15[1]).

7. JUDGMENTS — CLERICAL MISTAKES — COURT RULES.

Clerical mistakes in a judgment may be corrected upon discovery

by the court on its own motion or on motion from a party (GCR 1963, 528.1).

*Fisher, Gerhardt & Groh* (by *Hugh L. Fisher* and *Patrick M. Griffin),* for plaintiff.

*Tucker & Barbour* (by *James A. Tucker* and *Milton L. Mack),* for defendant Realtek.

Before: BEASLEY, P.J., and BRONSON and N. J. KAUFMAN, JJ.

PER CURIAM. This action is based on an alleged assignment of accounts receivable by defendant Clover to plaintiff Dimmitt & Owens Financial, Inc. Defendant Realtek Industries, Inc., the account debtor, had a judgment entered against it and in favor of plaintiff-assignee in a bench trial. Defendant Realtek now appeals as of right.

Defendant first contends that the lower court committed reversible error in determining that Realtek was estopped from asserting defenses arising out of its contract with Clover against Dimmitt & Owens. Specifically, Realtek contends that MCL 440.9318(1); MSA 19.9318(1) precludes application of the principles of common law estoppel. That section provides that unless an account debtor has made an enforceable agreement to waive its defenses against the assignor, the rights of the assignee are subject to those defenses.

MCL 440.1103; MSA 19.1103 expressly preserves the doctrine of estoppel unless displaced by the particular provisions of the act. We do not find that § 9318(1) displaces common law estoppel principles. See 1 Anderson's Uniform Commercial Code (2d ed), § 1-103:31, p 29.

Defendant next contends that even if estoppel applies, the trial court's finding of estoppel on the

facts of the instant case was against the great weight of the evidence. We disagree.

Estoppel arises where 1) a party, by representations, admissions or silence, intentionally or negligently induces another party to believe facts, 2) the other party justifiably relies and acts on this belief, and 3) the other party will be prejudiced if the first party is permitted to deny the existence of the facts. *Conel Development, Inc v River Rouge Savings Bank,* 84 Mich App 415, 422-423; 269 NW2d 621 (1978).

In the case at bar, acknowledgments signed by Realtek's executive vice-president, Donald Horace, and vice-president, Donald Hedinger, before plaintiff's purchase of the accounts, stated that the amounts due were just and correct, not contingent upon the fulfillment of any obligation, past or future, on the part of Clover, and that Realtek agreed that such amounts were due and owing and approved and allowed the same. Hedinger testified that he knew that after he had signed the agreement that plaintiff would pay Clover. Horace testified that he had signed the acknowledgment because Clover had done the amount of labor represented by the invoice, and that he needed Clover to continue the job and he knew that Clover did not have enough money to pay his materialmen. Checks totalling the amount of the purchase price of the accounts were introduced at trial. Dimmitt & Owens' president, Clifford Dimmitt, testified that these checks were made out in the amounts due individual suppliers pursuant to an agreement with Hedinger. In addition, Dimmitt testified that the checks were presented to Hedinger, who in turn gave them to Clover.

We conclude there was more than sufficient evidence from which the trial court could have

found that Realtek was estopped to deny liability. This Court will not substitute its judgment for that of the trial court in matters involving credibility. See *Rix v O'Neil,* 366 Mich 35, 42-43; 113 NW2d 884 (1962).

Likewise, we conclude there was sufficient evidence to support the trial court's finding of authority on the part of Hedinger and Horace to execute the acknowledgments. In *Massachusetts Bonding & Ins Co v Transamerican Freight Lines, Inc,* 286 Mich 179, 192; 281 NW 584 (1938), in determining whether a vice-president and manager of a regional office had authority to enter into an agreement, the Court quoted from 2 Fletcher, Cyclopedia Corporations (Perm Ed), p 606:

> "An officer or agent of a private corporation, intrusted with the general management and control of its business and affairs, has implied or apparent authority to do acts or make any contracts in its behalf falling within the scope of the ordinary and usual business of the company, and limitations and restrictions placed upon his express or implied authority, of which persons dealing with him have neither actual nor constructive notice, will not serve to restrict such powers to the prejudice of innocent third persons."

See also *Maryland Casualty Co v Moon,* 231 Mich 56, 62; 203 NW 885 (1925), *Smith, Hinchman & Grylls Associates, Inc v City of Riverview,* 55 Mich App 703, 706; 223 NW2d 314 (1974), *lv den* 393 Mich 804 (1975).

In the instant case, the court could well have found from the evidence that the executions of the acknowledgments were in the ordinary and usual business of the company, and that plaintiff was justified in assuming that defendant's officers were authorized to perform this particular act in behalf

of the principal. Horace testified that as executive vice-president, he was in charge of all construction and all facets of this particular apartment project, including financing. Hedinger, the vice-president, was in charge of accounts. The evidence was sufficient to show implied or apparent authority on the part of these officers.

Defendant's second contention is that the court erred in admitting the accounts receivable purchase agreements between Clover and plaintiff because no foundation was laid for their admission. We think that any error in this regard would have been harmless. There was other evidence showing plaintiff's ownership of the accounts in question. We also note that ownership of the accounts was not seriously contested either before or during trial. Under MCL 440.9318(3); MSA 19.9318(3), an account debtor is required to pay an assignee upon notice of the assignment or else request reasonable proof that the assignment has been made. *The Commercial Savings Bank v G & J Wood Products, Inc,* 46 Mich App 133; 207 NW2d 401 (1973). In the instant case, Realtek received notice and failed to request further proof of the assignment.

Defendant next contends that the trial court should have entered a default judgment against Clover and for Realtek when Clover failed to appear for trial. Realtek alleged in its cross-claim against Clover that it had received from Clover a release from "all liability arising out of the contract between the parties and for any and all work performed by the defendant". By its own terms, as pleaded by Realtek, the release only covered liability arising out of the contract between Realtek and Clover, and did not purport to cover liability arising out of the contract between Dimmitt & Owens and Clover. Under § 9318(3), Realtek's duty as an

account debtor to pay Dimmitt & Owens, the assignee, was entirely separate from its duty under its contract with Clover, the assignor. Therefore, we conclude that Realtek failed to plead a release which applied to the instant situation and that the judgment of no cause of action was proper.

Next, defendant argues that the agreement between Dimmitt & Owens and Clover was usurious. This may be true, but it affords no relief to Realtek. The usury statute, MCL 438.31; MSA 19.15(1), is inapplicable because Dimmitt & Owens is in the business of *purchasing* accounts receivable; the instant situation does not involve refinancing or the making of loans. Even if the usury statute were applicable, Realtek is not the proper party to assert it here as usury is a defense entirely personal to the alleged victim. *Tuxedo Enterprises, Inc v Detroit Trust Co,* 272 Mich 160; 261 NW 283 (1935).

Finally, Realtek contends that the trial court incorrectly assessed damages, interest and costs in this action. In its opinion and final judgment, the lower court found that plaintiff was entitled to $12,150. However, it entered judgment in the amount of $12,500. Plaintiff does not contest that a clerical error was made, but only argues that it is Realtek's burden to bring a motion to correct it, which Realtek has done. We remand this case for entry of a judgment in the amount of $12,150. GCR 1963, 528.1.

Realtek's other argument regarding an error in determining the amount of damages is lacking in merit. The fact that Dimmitt & Owens remits a certain percentage of the invoice to Clover after collection from the account debtor does not in any way affect Realtek's liability on the invoice.

Remanded for entry of judgment in accordance with this opinion. Costs to appellee.