GREENBRIAR CONVALESCENT CENTER, INC v DEPARTMENT
OF PUBLIC HEALTH

Docket Nos. 56488, 57494. Submitted July 29, 1981, at Mackinac Island.—Decided August 7, 1981. Leave to appeal applied for.

Greenbriar Convalescent Center, Inc., brought an action against the Department of Public Health, seeking a declaratory judgment that the department's determination that Greenbriar's proposed capital expenditure to expand its health care facility was subject to review pursuant to federal and state requirements be declared null and void and that the department's earlier determination that Greenbriar was exempt from such review be reinstated. Livingston Care Center, Inc., moved to intervene as a respondent. The department moved for accelerated judgment on the ground that the court lacked subject matter jurisdiction. Livingston Circuit Court, Paul R. Mahinske, J., denied respondents' motions and granted Greenbriar the relief it requested. Respondents appeal. The appeals were consolidated. *Held:*

1. The lower court erred in denying the department's motion for accelerated judgment. Greenbriar failed to comply with the formal procedures to seek a declaratory ruling. Because Greenbriar did not receive a declaratory ruling, receiving instead an informal determination, the lower court did not have subject matter jurisdiction to review the determination under the Administrative Procedures Act.

2. In addition, the lower court lacked subject matter jurisdic-

REFERENCES FOR POINTS IN HEADNOTES

[1, 5, 7] 2 Am Jur 2d, Administrative Law §§ 593, 642, 643.
[2, 3, 12] 2 am Jur 2d, Administrative Law §§ 595-598.
[4] 2 Am Jur 2d, Administrative Law § 697.
[6, 7] 2 Am Jur 2d, Administrative Law §§ 539-542.
[8] 2 Am Jur 2d, Administrative Law § 642.
[9] 5 Am Jur 2d, Appeal and Error §§ 545, 546, 548.
[10] 73 Am Jur 2d, Statutes § 250.
[11, 12] 28 Am Jur 2d, Estoppel and Waiver §§ 45, 53.
[13] 59 Am Jur 2d, Parties §§ 143-145.

When is representation of applicant's interest by existing parties inadequate and applicant bound by judgment so as to be entitled to intervention as of right under Federal Rule 24(a)(2) and similar state statutes or rules. 84 ALR2d 1412.

tion because the department's determination was made in its capacity as a designated planning agency for the Department of Health and Human Services pursuant to the Social Security Act. The department's determination did not concern a state statute which it administered but a federal statute administered by the federal department. Federal regulations governing the procedure for appeal of such a determination do not provide for state judicial review.

3. Greenbriar may seek a declaratory ruling from the department consistent with statutory and procedural requirements and a subsequent judicial review of a negative determination concerning its claim of exemption under the Administrative Procedures Act. Alternately, Greenbriar may appeal a negative determination to the Secretary of Health and Human Services under the Social Security Act.

Reversed and remanded.

T. M. Burns, J., dissented. He would hold that the department's actions and communications with Greenbriar caused Greenbriar to rely on the department's determination to its detriment and that the department thus is estopped from revoking its previous grant of exemption from review. In addition, because the department failed to brief the issue of lack of the lower court's jurisdiction relative to the review of the agency's decision under the Administrative Procedures Act, its claim is waived on appeal, and the lower court's decision must stand. He also would hold that because Livingston's interest was represented adequately by the department the lower court properly denied its motion to intervene. He would affirm.

Opinion of the Court

1. Administrative Law — Declaratory Rulings — Judicial Review — Statutes.

The Administrative Procedures Act provides for judicial review of declaratory rulings of administrative agencies in the same manner as final decisions or orders by such agencies in contested cases (MCL 24.263; MSA 3.560[163]).

2. Administrative Law — Declaratory Rulings — Judicial Review — Administrative Rules.

An informal determination by an administrative agency of the applicability of a statute administered by the agency to an actual state of facts does not constitute a declaratory ruling so as to confer subject matter jurisdiction on a court for review of the determination where a validly promulgated rule exists

providing a formal procedure for obtaining such ruling and the party seeking review has failed to comply with the rule.

3. ADMINISTRATIVE LAW — DECLARATORY RULINGS — JUDICIAL REVIEW — STATUTES.

Judicial review of a declaratory ruling of an administrative agency may be had without resort to the exhaustion of other administrative remedies, and an agency's refusal to issue a declaratory ruling upon proper request is also subject to judicial review (MCL 24.263; MSA 3.560[163]).

4. ADMINISTRATIVE LAW — FINAL DECISIONS — STATUTES.

Judicial review of a final agency determination under the Administrative Procedures Act is limited to the record; the final decisions of an agency must include findings of fact and conclusions of law (MCL 24.263; MSA 3.560[163]).

5. ADMINISTRATIVE LAW — PUBLIC HEALTH — SOCIAL SECURITY ACT — HEALTH CARE FACILITIES — CAPITAL EXPENDITURES — JUDICIAL REVIEW — STATUTES.

A determination by the Michigan Department of Public Health, acting as a designated planning agency under contract with the federal Department of Health and Human Services, that a proposed capital expenditure for the expansion of a health care facility is subject to review under the Social Security Act and the state certificate of need act is not subject to judicial review under the Michigan Administrative Procedures Act since such determination does not concern a statute administered by the Department of Public Health but is made pursuant to the department's status as a designated planning agency under its agreement with the federal department which administers the federal statute (42 USC 1320a-1, MCL 24.263, 333.22101 *et seq.;* MSA 3.560[163], 14.15[22101] *et seq.).*

6. ADMINISTRATIVE LAW — PUBLIC HEALTH — HEALTH CARE FACILITIES — CAPITAL EXPENDITURES — APPEAL — STATUTES — FEDERAL REGULATIONS.

A determination by the Michigan Department of Public Health, acting as a designated planning agency under a contract with the federal Department of Health and Human Services, that a proposed capital expenditure for the expansion of a health care facility is subject to review under the Social Security Act and the state certificate of need act may be appealed to the Secretary of Health and Human Services (42 USC 1320a-1, 42 CFR 100.103[d], MCL 333.22101 *et seq.;* MSA 14.15[22101] *et seq.).*

7. ADMINISTRATIVE LAW — PUBLIC HEALTH — SOCIAL SECURITY ACT — FINAL DETERMINATIONS — JUDICIAL REVIEW — STATUTES — FEDERAL REGULATIONS.

A determination by a designated state planning agency under contract with the federal Department of Health and Human Services disapproving a proposed expenditure for a health care facility subsequent to review pursuant to the Social Security Act may be appealed to a person or agency other than the designated planning agency chosen by the governor of the state, and state law may provide for judicial review of such determination (42 USC 1320a-1, 42 CFR 100.106[c][2], [4]).

8. ADMINISTRATIVE LAW — FEDERAL AGENCIES — APPEAL — COURTS — JURISDICTION.

Administrative procedures provided by the federal government for challenging agency determinations involving the exercise of the government's spending power should be assumed to be exclusive, and absent authorization by federal statute, or regulations promulgated thereunder, it is doubtful that the agency would be bound by a state court decision.

DISSENT BY T. M. BURNS, J.

9. APPEAL — PRESERVING QUESTION.

*Failure by a defendant to raise an issue on appeal challenging the lower court's jurisdiction or to cite relevant authority pertaining thereto waives such claim on appeal, and the lower court's decision should stand even if it later is determined that the court lacked jurisdiction.*

10. STATUTES — JUDICIAL CONSTRUCTION.

*No word or portion of a statute should be read so as to be of no effect.*

11. ESTOPPEL — JUSTIFIABLE RELIANCE.

*A party is estopped from asserting a position where that party, by representations, admissions, or silence, intentionally or negligently induces another party to believe certain facts, such other party justifiably relies and acts on the belief, and a denial of the facts would result in prejudice to the second party.*

12. ADMINISTRATIVE LAW — DECLARATORY RULINGS — JUDICIAL REVIEW — ESTOPPEL.

*Failure to comply with the formal procedure for obtaining a declaratory ruling from an administrative agency as prescribed by a validly promulgated administrative rule should not preclude judicial review of an agency's informal determination to*

*the detriment of a party where prior actions and communications between the agency and the party were such as to induce the party to believe that he was in compliance with agency requirements and the party justifiably relied on the communications; such actions and communications should serve to estop the agency from acting on its determination to the party's detriment.*

13. ACTIONS — INTERVENTION — COURT RULES.

*A person may be allowed to intervene in an action where the representation of the person's interest by the existing parties is or may be inadequate and the person may be bound by a judgment in the action (GCR 1963, 209.1[3]).*

*Honigman, Miller, Schwartz & Cohn* (by *William G. Christopher* and *Margaret A. Shannon),* for petitioner.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Walter V. Kron* and *Philip J. Rosewarne,* Assistants Attorney General, for respondent Department of Public Health.

*Lavan, Hegarty & Harris,* for intervening respondent Livingston Care Center, Inc.

Before: ALLEN, P.J., and J. H. GILLIS and T. M. BURNS, JJ.

J. H. GILLIS, J. The Department of Public Health appeals by right the lower court's grant of declaratory relief to petitioner. Livingston Care Center, Inc., appeals by right the denial of its motion to intervene in the lower court action. The appeals have been consolidated.

The petitioner is the owner and operator of a nursing home, seeking to build an addition to its facilities. Livingston Care Center, Inc., is the owner and operator of a competing nursing home in Livingston County. The Department of Public Health administers the state's certificate of need

program, embodied in §§ 22101-22181 of the Public Health Code, 1978 PA 368, MCL 333.22101 *et seq.;* MSA 14.15(22101) *et seq.* The department also acts as the state's "designated planning agency" for purposes of § 1122 of the Social Security Act, 42 USC 1320a-1, limiting the use of federal funds to reimburse health facilities in connection with capital expenditures. The purpose underlying both state and federal statutes is to contain the costs of medical care by restricting the construction of unneeded health facilities. Commentary: *Certificate of Need and the Antitrust Laws: Can They Co-exist?,* 1980 DCL Rev 599, 606-608.

The petitioner brought suit in Livingston County Circuit Court, challenging the department's determination that the petitioner's proposed addition to its nursing home was subject to review under both state and federal statutes. The petitioner claimed that it was exempted from review by the terms of the statutes and by prior determinations made by the department. Reversal of those prior determinations was allegedly improper. The petitioner relied on representations by department officials stating that the petitioner had an enforceable contract to build the addition before the review procedures became mandatory. Where an enforceable contract existed prior to the date on which review became mandatory, the capital expenditure was exempt from review. The judge agreed, holding that the department was estopped from reversing its determination of exemption and holding that the determination of exemption was a declaratory ruling, MCL 24.263; MSA 3.560(163). The judge held that the change in the determination was an improper attempt to change a declaratory ruling retroactively.

The respondent claims that the lower court

erred by denying its motion for accelerated judgment due to the lack of subject matter jurisdiction, GCR 1963, 116.1(2). The judge based his finding of jurisdiction on § 63 of the Administrative Procedures Act (APA), which states:

"On request of an interested person, an agency may issue a declaratory ruling as to the applicability to an actual state of facts of a statute administered by the agency or of a rule or order of the agency. An agency shall prescribe by rule the form for such a request and procedure for its submission, consideration and disposition. A declaratory ruling is binding on the agency and the person requesting it unless it is altered or set aside by any court. An agency may not retroactively change a declaratory ruling, but nothing in this subsection prevents an agency from prospectively changing a declaratory ruling. A declaratory ruling is subject to judicial review in the same manner as an agency final decision or order in a contested case." MCL 24.263; MSA 3.560(163).

The petitioner does not claim that a formal request for a declaratory ruling was made but that the department's letters constituted declaratory rulings as a matter of fact because they were determinations concerning the applicability to an actual state of facts of a statute administered by the department. The petitioner relies on Justice LEVIN's statement that the Supreme Court looks to substance in deciding whether an agency has issued a declaratory ruling. *Greenfield Construction Co, Inc v Dep't of State Highways,* 402 Mich 172, 221; 261 NW2d 718 (1978). Justice LEVIN stated that the right to judicial review does not depend on an agency's compliance with the APA or its labeling of its decision a declaratory ruling, noting that the highway department had not provided by rule for declaratory rulings. Two other justices

concurred in that part of the opinion concerning declaratory rulings. Three other justices described § 63 of the APA as providing "narrowly circumscribed authority in the circuit court for judicial review of a declaratory ruling issued by an agency of state government * * *". *Id.*, 188. In *Greenfield,* an equally divided Court affirmed the decision of this Court.

The important facts in the present case differ significantly from those in *Greenfield.* The Department of Public Health promulgated 1979 AC R 325.1211, effective February 7, 1972, providing:

"A person requesting a declaratory ruling as to the applicability to an actual state of facts of a statute, rule or order administered or issued by the department of public health shall do so on a form provided by and available at the department. The form shall be completed in full and shall be filed, either by mail or in person, in the Office of the Director, 3500 North Logan Street, Lansing 48914. After receipt of a correctly filed request, the department shall have 30 days within which to notify the initiator of the request by mail whether a declaratory ruling will be issued. If the department's response is affirmative, and prior to the issuance of a declaratory ruling, reasonable time shall be provided to the director for seeking further consultation, or for requesting from concerned sources additional submissions of pertinent information, or to allow for the presentation of evidence or oral argument or both. Exercise of any or all of these alternatives shall be at the discretion of the director."

In *Greenfield,* the defendant state agency relied on its lack of rules to claim that its determination was not a § 63 declaratory ruling. Here, a validly promulgated rule existed providing a formal procedure for submitting requests for declaratory rulings and governing treatment of requests. This rule was in effect at all times at which a claimed

declaratory ruling was made. The petitioner never attempted to comply with the rule. To require the petitioner to seek a declaratory ruling before undertaking judicial review would not allow an agency to evade its responsibility to promulgate rules for declaratory rulings under § 63. In this way, the present case is significantly different from *Greenfield.*

Declaratory rulings under § 63 of the APA serve two distinct purposes. They allow a party to obtain a binding determination of rights from an agency in the nature of a declaratory judgment. This creates greater flexibility for the agency and for those dealing with it. 1 Cooper, State Administrative Law (1965), p 240. The section also allows judicial review of such a declaratory determination. This provides an unparalleled opportunity for judicial review of an agency action without the need to exhaust other administrative remedies. Lebenbom, *Sections 63 & 64: Declaratory Rulings,* 58 MSBJ 398 (1979). A refusal to issue a declaratory ruling upon a proper request is also subject to judicial review. *Human Rights Party v Michigan Corrections Comm,* 76 Mich App 204; 256 NW2d 439 (1977).

Neither purpose served by § 63 of the APA would be promoted by allowing the petitioner to circumvent the procedures for obtaining a declaratory ruling. The formality imposed by the department's rules for declaratory rulings, when followed, ensures that the department will treat requests for binding rulings with adequate care and deliberation.

Circumventing the rules promulgated for declaratory rulings also hinders effective judicial review. Declaratory rulings are subject to judicial review in the same manner as agency final decisions or

orders in contested cases. MCL 24.263; MSA
3.560(163). Judicial review of a final agency deter-
mination under the APA is limited to the record;
the final decisions of an agency must include
findings of fact and conclusions of law. *Human
Rights Party, supra.* In the present case, there is
no record from the administrative agency, and the
circuit court had no way of ascertaining the merits
of petitioner's claims, absent the stipulation of
facts by the petitioner and the respondent. Even
with this stipulation, the circuit court was unable
to examine the reasons for the agency determina-
tion, except for those advanced as *post hoc* ration-
alizations for its action. By pursuing the § 63
remedy, the petitioner could obtain administrative
review of the department's adverse ruling from
the perspective of a complete record. In a very
similar case, the Pennsylvania Supreme Court
stated there was every reason to believe that this
mechanism would permit full and fair review and
added that courts should not presume futility in
an administrative appeal but should assume
" 'that the administrative process will, if given a
chance, discover and correct its own errors.' "
*Canonsburg General Hospital v Dep't of Health,*
492 Pa 68, 74; 422 A2d 141 (1980). We conclude
that the trial court did not have subject matter
jurisdiction under § 63 of the APA since the peti-
tioner, in fact, had not sought a declaratory ruling.
We note that the claim of an exemption from state
certificate of need requirements under the Public
Health Code is an appropriate subject for a re-
quest for a declaratory ruling under the circum-
stances. It would be improper for the department
to decline to issue a declaratory ruling on this
matter upon a proper request. See *Human Rights
Party, supra.*

Unlike the determination that the petitioner's proposal was subject to review under the state certificate of need program, a determination concerning exemption from review under § 1122 of the federal Social Security Act is not subject to judicial review under § 63 of the state APA. The main purpose of § 1122 (42 USC 1320a-1) is to ensure that federal funds appropriated under other subchapters of the Social Security Act (V, XVIII and XIX) are not used to support unnecessary capital expenditures. Another purpose is to support state planning activities with respect to health services and facilities, § 1122(a). The Secretary of Health and Human Services is directed by the statute to make an agreement with each state under which a designated planning agency will make findings and recommendations with respect to proposed capital expenditures for health care facilities in the state. In Michigan, the Department of Public Health has contracted to be the state's designated planning agency. If the Secretary determines that a health facility has not received approval under § 1122, he shall reduce reimbursement to that facility for any amounts which are attributable to the unapproved capital expenditure for any period which he finds necessary to effectuate the purpose of that section of the statute.

The Department of Health and Human Services is required under the statute to make and publish such rules and regulations as may be necessary for the efficient administration of the functions with which it is charged under § 1122. Section 1102, 42 USC 1302. In this connection, the Secretary has promulgated 42 CFR 100.101-100.109. Determinations of exemption from § 1122 review are governed by 42 CFR 100.103(d), which states:

"A determination by a designated planning agency designated in the Agreement described in § 100.104 that a proposed expenditure is not a capital expenditure within the meaning of section 1122 of the Act and this subpart, or that it falls within the exemption described in § 100.103, or that it is otherwise not subject to review under section 1122 of the Act, shall be binding upon the Secretary. *A determination by such an agency that a proposed expenditure is a capital expenditure subject to review under section 1122 and this subpart may be appealed, by the person proposing such expenditure, to the Secretary.* Such appeal may be made at any time, in such form and manner as the Secretary may prescribe." (Emphasis supplied.)

This regulation clearly provides that appeal from a determination that a capital expenditure is subject to review under § 1122 is to be made to the Secretary of Health and Human Services. The department explicitly informed the petitioner that it could appeal the determination that the petitioner's proposed addition was subject to the § 1122 review process to the Secretary in a letter dated June 25, 1979. We think this letter properly informed the petitioner of the only means by which it may appeal a determination of nonexemption from the § 1122 review process.

As noted before, as regards a determination that a project is subject to review under § 1122, 42 CFR 100.103(d) provides that such a determination may be appealed from the designated planning agency to the Secretary. The federal regulations treat this type of determination very differently from a determination by a designated planning agency disapproving a proposal subsequent to review under § 1122. If a designated planning agency finds that a capital expenditure is unneeded, the party proposing a capital expenditure is entitled to a fair hearing with respect to the agency's findings and

recommendations by an agency or person other than the designated planning agency. Such agency or person hearing an appeal from the negative recommendation is to be designated by the governor of the state. 42 CFR 100.106(c)(2). State law may provide for judicial review of such a determination. 42 CFR 100.106(c)(4). The federal regulations governing the procedure for appealing a determination that a proposal is subject to review do not include any provision for state judicial review under § 1122 of the designated planning agency's determination. Where provision has been made for state judicial review of the state agency determination, it is included specifically in the regulations.

Section 1122 of the federal Social Security Act is a federal statute enacted in the exercise of Congress's spending power. The federal government has undertaken to contract with state administrative agencies to fill a role in its scheme for spending federal money. Although the state's designated planning agency plays a role in the federal statutory scheme, § 1122 of the Social Security Act is a statute which is "administered" by the Department of Health and Human Services and not by the state's Department of Public Health. The state department's determination was not a determination concerning a statute administered by that agency. It was, therefore, not subject to the provisions of § 63 of the state's APA and was not subject to review under that section. To appeal, the petitioner must address its challenge to the Secretary.

In light of our interpretation of § 63 of the APA, it is unnecessary to consider whether the supremacy clause precludes state judicial review of administrative actions where those administrative

actions are made pursuant to a federal statute which contains its own procedures for challenging agency determinations. Where the federal government has provided administrative procedures for challenging determinations involving its exercise of the spending power, those procedures should be assumed to be exclusive. Absent authorization in the federal statute (or regulations promulgated thereunder), it is extremely doubtful whether the Secretary of Health and Human Services would be bound by a state court judgment. See *Palmetto General Hospital, Inc v Dep't of Health & Rehabilitative Services,* 333 So 2d 531, 533 (Fla App, 1976).

In summary, the petitioner may seek a declaratory ruling and judicial review of a negative determination concerning its claim of exemption from this state's certificate of need law. In the agency and in the courts, it may raise its claim of exemption under the statute and exemption due to the actions of the Department of Public Health. Even if it is found to be subject to review, the petitioner can, in such review process, raise its claims concerning fairness. Likewise, the petitioner can appeal the negative determination on its claim of exemption from § 1122 review to the Secretary of Health and Human Services. If the petitioner's project is found to be subject to § 1122 review, it can again raise its claims concerning fairness before the Department of Public Health and any subsequent appeal therefrom.

This Court is not convinced by the petitioner's claims of a need for immediate judicial relief from arbitrary administrative action. The determination of nonexemption from § 1122 review was made in June of 1979. Exhibits introduced at trial show that the petitioner was aware of some doubts

concerning its exemption from the state certificate of need act as early as May of 1979. The benefits to be derived from immediate judicial intervention in the administrative process are not as great as the detriments which might be suffered if this Court adopts a rule routinely allowing procedures validly promulgated by administrative agencies to be circumvented.

In light of our decision, we need not rule on the merits of Livingston Care's claim of a right to intervene in the circuit court action. See, however, *D'Agostini v City of Roseville,* 396 Mich 185; 240 NW2d 252 (1976).

Reversed and remanded for proceedings not inconsistent with this opinion.

No costs, a public question being involved.

ALLEN, P.J., concurred.

T. M. BURNS, J. *(dissenting).* I respectfully dissent from the majority's reversal of the lower court's holding that the Department of Public Health was estopped from revoking the exemptions given to the petitioner under 1978 PA 368, MCL 333.22101 *et seq.;* MSA 14.15(22101) *et seq.*

The majority sets forth in its opinion a scholarly analysis of the law pertaining to exhaustion of administrative remedies and the scope of judicial review under § 63 of the Michigan Administrative Procedures Act (APA). MCL 24.263; MSA 3.560(163). However, I have two problems with the conclusion of the majority.

First, the jurisdictional argument of the majority, in so far as it applies to the lower court's assumption of jurisdiction over the petitioner's claim under 1978 PA 368, concerns a question that is not before this Court because it was not raised

in a brief of the respondent Department of Public Health. After several readings of the respondent's brief, I fail to find any argument therein that the circuit court lacked jurisdiction to review the department's ruling under 1978 PA 368. Rather, the respondent's jurisdictional argument concerns only the department's § 1122 decision.

By failing to brief this issue or to cite relevant authority pertaining to it, the respondent has waived any claim that the circuit court lacked jurisdiction to review the agency's 1978 PA 368 ruling. *People v Slager,* 105 Mich App 593; 307 NW2d 376 (1981), *People v LaPorte,* 103 Mich App 444; 303 NW2d 222 (1981), *Smith v Saginaw Savings & Loan Ass'n,* 94 Mich App 263; 288 NW2d 613 (1979). Therefore, the decision of the trial judge that the department's revocation of the petitioner's exemption under 1978 PA 368 was improper must stand even if it is determined that the trial court lacked jurisdiction over the petitioner's § 1122 claim, a question that was raised and discussed in the respondent's appellate brief.

The second reason why I cannot subscribe to the opinion of the majority is that I believe it amounts to an overly technical interpretation of the applicable law.

Section 63 of the Michigan APA does not require an agency's response to a request for a ruling to be a "final decision" of the agency and, in fact, states that "[a] declaratory ruling is subject to judicial review in the same manner as an agency final decision or order in a contested case". This language leads me to believe that a "declaratory ruling" is something other than that rendered by an agency as a "final decision". This interpretation comports with the general rule of statutory construction that no word or portion of a statute

should be read to be of no effect. *Dussia v Monroe County Employees Retirement System,* 386 Mich 244; 191 NW2d 307 (1971), *Melia v Employment Security Comm,* 346 Mich 544; 78 NW2d 273 (1956), *Chrysler Corp v Washington,* 52 Mich App 229; 217 NW2d 66 (1974).

The majority argues that the circuit court did not have jurisdiction over this case under § 63 of the APA because the petitioner had not obtained a declaratory ruling from the respondent Department of Public Health pursuant to 1979 AC R 325.1211. That administrative regulation requires parties seeking declaratory rulings to file their request on a form provided by the Department of Public Health and delivered either by mail or in person to the office of the director of the department. The majority notes that the petitioner never sought such a formal declaratory ruling and opines that, as a result, the circuit court did not have subject matter jurisdiction over this case under § 63 of the APA. The majority fails to give due regard to the fact that the case before us involves a matter of equity. In *Dimmitt & Owens Financial, Inc v Realtek Industries, Inc,* 90 Mich App 429, 433; 280 NW2d 827 (1979), this Court noted that a party is estopped from asserting a position where that party:

"1) * * * [B]y representations, admissions or silence, intentionally or negligently induces another party to believe facts, 2) the other party justifiably relies and acts on this belief, and 3) the other party would be prejudiced if the first party is permitted to deny the existence of the facts."

The petitioner was informed by the respondent on February 5, 1979, that it would be exempt from the requirements of 1978 PA 368 if it had "an

enforceable contract [of construction] dated prior to 10-1-78". The petitioner fulfilled this requirement. Prior to December 29, 1980, the respondent never called into question the petitioner's exempt status under 1978 PA 368 despite the fact that the parties had numerous communications. Further, the respondent was aware that throughout this period of time the petitioner was attempting to secure financial commitments that would permit it to complete construction on its new facility. In fact, the petitioner expended over $12,000 in securing a mortgage commitment.

Whether the letters and communications from the respondent to Greenbriar were merely "advisory" as the respondent argues, or "declaratory rulings" as the petitioner argues, it is clear that upon a reading of them one is left with the firm conviction that the petitioner was justified in believing that it would be permitted to complete construction of its new facility. The petitioner complied with all explicit directions and requirements of the department.

While it is true that the petitioner did not seek a formal declaratory ruling from the department pursuant to 1979 AC R 325.1211, the instant case presents a situation in which application of that administrative regulation can do nothing other than unnecessarily frustrate the speedy administration of justice. This case does not present any questions that are so technical that they require the unique expertise of the agency for resolution. Within the context of the relief sought by the petitioner in this case, further administrative fact-finding would serve no purpose. Either the letters and statements of the department are of such a nature as to give rise to a claim of estoppel, or they are not. The courts of this state, and not an

administrative agency, are better equipped to handle this question. Finally, it must be emphasized that the respondent department has suffered no detriment or burden due to the unavoidable delay in the construction of the petitioner's new facility. The mere passage of time under facts such as those of this case would not extinguish a party's exemption from obtaining a certificate of need. Therefore, because the facts of this case clearly support the lower court's ruling that the respondent department is estopped by its actions and communications from halting the petitioner's construction on its new facility, I would affirm.

With respect to the respondent's argument that the lower court erred in restoring the petitioner's exempt status under § 1122, I note that the petitioner's initial application for exemption did not state a total construction cost. Therefore, to the extent that any overruns have occurred, they could be compensated under the construction contract which provided for total payment by the petitioner of $638,000 plus 100 percent of all additional approved work orders. It was the contract itself, and not its price, that was approved by the respondent. Therefore, the fact that the contract price had changed in no way effects the petitioner's exemption under § 1122. Certainly, this is true at least to the minimum stated contract price of $638,000. Although § 63 of the APA cannot be invoked to vest jurisdiction over this claim in the circuit court, neither can the revocation of the petitioner's exemption under § 1122 result in stopping construction. Further, whether certain construction expenses were reasonable such that they entitle the petitioner to reimbursement can largely be determined after the fact.

Finally, I would affirm the lower court's ruling

that denied the motion of the intervening respondent Livingston Care Center, Inc., to intervene. Under the applicable court rule, GCR 1963, 209.1(3), intervention of right is allowed only where the "representation of the applicant's interest by existing parties is or may be inadequate and the applicant may be bound by a judgment in the action * * *". The interest of the intervening respondent in this action was represented adequately by the department. Therefore, the lower court did not err in denying its motion to intervene.

I dissent and would affirm the lower court's ruling that restored the petitioner's exemption under 1978 PA 368 and that denied Livingston Care Center's motion to intervene.