*In re* CHAVEZ ESTATE

Docket No. 64199. Submitted April 13, 1983, at Lansing.—Decided July 19, 1983.

Carole Chavez was admitted to a hospital and an application for Medicaid assistance was filed on her behalf. The Department of Social Services paid $37,929.92 on Mrs. Chavez's behalf prior to her death. It was discovered after her death that Mrs. Chavez owned corporate stock valued in excess of $25,000. The Department of Social Services filed a claim against her estate seeking recovery of the amount it had paid in Medicaid benefits. The Eaton Probate Court, Robert C. Ballard, J., held that the department was entitled to recover only $25,469.57, which represents the amount Mrs. Chavez would have been required to exhaust prior to becoming eligible for benefits. The department appeals, alleging that it is entitled to recover the entire amount paid because Mrs. Chavez was possessed of assets exceeding the maximum for eligibility during the entire period during which she received benefits and was therefore not entitled to receive any benefits. *Held:*

1. The department is entitled by statute to recover "the difference between the lawful amount of assistance or aid and the amount of assistance or aid actually received". Because Mrs. Chavez's assets far exceeded the eligibility maximum during the entire time she received assistance she was not entitled to that assistance. Therefore, none of the assistance paid was lawful and the department is entitled to recover the entire amount paid.

2. The meaning of the statutory language permitting recovery is not rendered ambiguous by the use of more specific language in another section of the act requiring full repayment where fraud is shown.

Reversed and remanded.

Application for rehearing denied October 10, 1983. D. F. WALSH, J., in dissenting from the denial of rehearing, stated: "I

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes § 194.
[2] 79 Am Jur 2d, Welfare Laws § 38.

would grant appellee's application for rehearing. On reconsideration, I am persuaded by appellee's argument consistent with the express terms of the statute under which the Department of Social Services is proceeding, MCL 400.60(1); MSA 16.460(1), that a showing of wilfulness is required to justify recovery for the full amount of medicaid benefits paid to cover the cost of the deceased's medical expenses. No such wilfulness was shown in this case."

1. Statutes — Judicial Construction.

A statute which is clear and unambiguous on its face is to be enforced as written.

2. Social Services — Medicaid — Eligibility for Benefits.

A recipient of Medicaid benefits who is later discovered to have been possessed of assets which exceeded the eligibility maximum during the entire period during which benefits were received was therefore never entitled to the receipt of any benefits and the Department of Social Services is entitled to recover the entire amount paid; recovery by the department in such a case is not limited to the amount which the recipient would have been required to exhaust prior to becoming eligible for benefits (MCL 400.60; MSA 16.460).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Janis Meija* and *James D. Clarke,* Assistants Attorney General, for the Department of Social Services.

*Thomas C. Walsh,* for the Estate of Carole Chavez, deceased.

Before: Danhof, C.J., and Allen and D. F. Walsh, JJ.

Danhof, C.J. The Michigan Department of Social Services (department) appeals as of right from an order of the Eaton County Probate Court denying, in part, its claim against the estate of Carole Chavez.

The facts in this case are not in dispute. Mrs. Chavez was admitted to the University of Michi-

gan Hospital in Ann Arbor in early 1980. An application for Medicaid assistance was filed on her behalf with the department on May 10, 1980. The application was approved and the department paid benefits in the amount of $37,929.92 to cover the cost of Mrs. Chavez's medical expenses prior to her death on June 30, 1981.

After Mrs. Chavez died, it was discovered that she was the sole owner of corporate stock valued in excess of $25,000. It is undisputed that the department would have denied Mrs. Chavez's claim if the existence of such stock had been made known to the department at the time the application for assistance was filed. The department filed a claim against the estate seeking to recover the entire amount it had paid. The probate court ruled that the department was only entitled to recover $25,469.57. It based its determination on the eligibility exemptions contained in MCL 400.106; MSA 16.490(16), which permit an applicant to retain marketable liquid assets of not more than $1,500 ($2,000 for a two-person family) and which exempts from consideration the following in computing the value of marketable liquid assets:

"Excluded in making the determination of the value of liquid or marketable assets are the values of: the homestead, clothing and household effects, $1,000.00 of cash surrender value of life insurance, except if the health of the insured is such as to make continuance of the insurance desirable, the entire cash surrender value of life insurance is to be excluded from consideration, up to the maximums provided or allowed by federal regulations and in accordance with the rules of the state department, the fair market value of tangible personal property used in earning income, and a space or plot purchased for the purposes of burial for the person." MCL 400.106(1)(b)(iv); MSA 16.490(16)(1)(b)(iv).

The court ruled that the department was only entitled to recover the amount that Mrs. Chavez would have been required to exhaust prior to becoming eligible to receive benefits. The department, on the other hand, claims that since Mrs. Chavez was possessed of assets which exceeded the eligibility maximum during the entire period that she received benefits, she was not entitled to receive any benefits and the department was entitled to recover the entire amount paid.

The department sought recovery pursuant to § 60 of the Social Welfare Act, MCL 400.1 *et seq.;* MSA 16.401 *et seq.,* which provides in part:

"(1) Any person who by means of wilful false statement or representation or by impersonation or other fraudulent device obtains or attempts to obtain, or aids or abets any person to obtain (a) assistance or relief to which he is not entitled; or (b) a larger amount of assistance or relief than that to which he is justly entitled * * * shall, if the amount involved shall be of the value of $500.00 or less, be deemed guilty of a misdemeanor, and shall, if the amount involved shall be of the value of more than $500.00, be deemed guilty of a felony, and upon conviction shall be punished as provided by the laws of this state. The amount involved as used in this subsection shall be defined as the difference between the lawful amount of assistance or aid and the amount of assistance or aid actually received. If anyone receives assistance or relief through means enumerated in this section, in which prosecution is deemed unnecessary, the state department or county departments may take the necessary steps to recover from the recipient the amount involved, plus interest at 5% per annum." MCL 400.60; MSA 16.460.

It is well-established that where a statute is clear and unambiguous on its face, it is to be enforced as written. *Dussia v Monroe County Employees Retirement System,* 386 Mich 244, 249; 191

NW2d 307 (1971). We believe that the probate court's interpretation of § 60 ignores the plain language of the statute. Section 60 permits the department to recover "the difference between the lawful amount of assistance or aid and the amount of assistance or aid actually received". Since Mrs. Chavez was possessed of assets which far exceeded the eligibility maximum during the entire period she received benefits, she was never entitled to the receipt of any benefits. Therefore, none of the assistance she received was lawful and the department was entitled to recover the entire amount paid.

Appellee claims that the Legislature's use of the more specific language in another part of the statute requiring full payment where fraud is shown renders the meaning of § 60 ambiguous. See *Bannan v City of Saginaw,* 120 Mich App 307, 319; 328 NW2d 35 (1982). We do not find appellee's argument persuasive. Where fraud is proven, the statute does expressly provide that the recipient is required to repay the "full amount received". It also permits the state to recover triple the amount of damages it has suffered as a result of the recipient's conduct. MCL 400.612; MSA 16.614(12). However, in our opinion this language is not at all inconsistent with our finding concerning the meaning of § 60.

MCL 400.612; MSA 16.614(12) requires that, in every instance where fraud is proven, the recipient shall be required to repay the full amount received regardless of whether the recipient would otherwise have become lawfully entitled to the receipt of benefits at some point thereafter. Where fraud is not shown, recovery may be had pursuant to § 60 which only requires the repayment of the full amount received if the recipient remains ineligible

for benefits throughout the entire period that benefits are received. Otherwise, the department is entitled to recover only the amount paid during the period of ineligibility. For example, in this case since it was not shown that Mrs. Chavez knowingly concealed the assets in question, if after the payment of benefits had commenced the level of marketable liquid assets which she possessed had dropped to a level below the eligibility maximum, the department would have been entitled to recover only those benefits which had been paid to that point. Benefits paid thereafter would have been lawfully paid.

However, since, as noted earlier, Mrs. Chavez was shown to have possessed assets which far exceeded the eligibility maximum during the entire period during which she received benefits, she was not lawfully entitled to the receipt of any benefits and the department was entitled to recover the full amount paid.

We decline to address the issues raised by appellee since no cross-appeal was filed. *Detroit Automobile Inter-Ins Exchange v McMillan,* 97 Mich App 687, 696; 296 NW2d 147 (1980).

The probate court's decision is reversed and the case is remanded for proceedings in conformity with this opinion. No costs, interpretation of a statute being involved.